| | |
|---|---|
| United States District Court<br><br>Court Address:<br>Alfred A. Araj United States Courthouse<br>901 19th Street<br>Denver, CO 80294<br>_____<br>**Plaintiff(s):** Judith Sarnella as personal representative of the estate of Deovalente Sarnella, deceased<br><br>**Defendant(s):** Eric Kuhns;<br>     Phillip Medlin;<br>     Jefferson County Sheriff Department<br><br>_____<br>Attorney for Petitioner:<br>Selvoy Fillerup<br>Crestone Law Group, LLC<br>5353 W. Dartmouth Ave., Ste. 504<br>Denver, CO 80227<br>(p) 720-281-4668<br>(f) 888-855-3927<br>selvoy@crestonelaw.com | ▲ Court Use Only ▲<br><br>_____<br>Case Number:<br><br><br>Division/ Courtroom: |
| **COMPLAINT AND JURY DEMAND** ||

STATEMENT OF FACTS

1. On September 2, 2015, Deovalente Sarnella was outside his townhouse at 171 Holman Way, Golden, CO 80401.

2. Sarnella's neighbor observed what she believed to be unusual behavior. She called the police to request a mental health welfare check on Sarnella.

3. At approximately 10:32 AM, Deputy Sheriff Eric Kuhns was dispatched to Sarnella's house.

4. Kuhns was close to Sarnella's residence, so Kuhns arrived shortly after receiving the dispatch.

5. Kuhn confronted Sarnella and represented to Sarnella that he was there to help him.

6. Sarnella continued to exhibit unusual behavior.

7. A few minutes later, Kuhns directed Sarnella to go back into his townhouse.

8. Sarnella went into his home and Kuhns followed him.

9. While Sarnella and Kuhns were in Sarnella's home, Deputy Sheriff Phillip Medlin arrived to assist Kuhns.

10. Sarnella continued to ask the deputies for help.

11. Kuhns and Medlin allege that Sarnella reached into a cabinet. Not knowing what was in the cabinet, Kuhns and Medlin forcefully restrained Sarnella.

12. An eye witness, Kathy Deems, observed that Sarnella was face down on his stomach at the time Kuhns and Medlin restrained him.

13. Kuhns and Medlin restrained Sarnella with his hands behind his back.

14. Kuhns and Medlin knew that Sarnella was suffering from a mental health condition.

15. Deputies took Sarnella outside the townhouse, across the pavement, and laid him face down on the grass.

16. Kuhns and Medlin continued to restrain Sarnella while he was face down on the grass.

17. Sarnella died while lying face down when he was in police custody.

18. At approximately 10:46 AM, an ambulance from West Metro Fire Rescue arrived.

19. Paramedics David Dame and Craig Kennedy witnessed Sarnella lying on his stomach.

20. As he approached Sarnella, Dame claims to have witnessed Sarnella's last breath.

21. Sarnella died while in the custody of Jefferson County Sheriffs.

22. Sarnella died as a direct result of Jefferson County Sheriffs' actions.

23. Kennedy had to order the officers to remove the handcuffs from Sarnella.

24. Kennedy knew from his training as a paramedic that individuals in Sarnella's condition should not be restrained or laid in the prone position.

25. Dame and Kennedy began CPR in an attempt to revive Sarnella.

26. Dame and Kennedy administered CPR and succeeded in restarting Sarnella's heart though he never regained consciousness.

27. Paramedics took Sarnella to St. Anthony's hospital.

28. Hospital staff could not revive Sarnella.

29. Deovalente Sarnella was pronounced dead at 1:34 AM on September 3, 2015.

30. Dr. Ben Galloway performed an autopsy. Autopsy findings indicate that the cause of death is due to anoxic encephalopathy secondary to a cardiac arrest consistent with the impact of methamphetamine toxicity.

31. Further, results state that Sarnella's bowel, stomach, bronchus, and liver all had hemorrhaging due to ischemia.

32. Autopsy revealed that the stomach had 300 cc of liquid blood in it. The bowel was also full of liquid blood.

33. Jefferson County Deputy Sheriffs are official representatives of Jefferson County.

34. Jefferson County Deputy Sheriffs act under the color of state authority.

35. Jefferson County Deputy Sheriffs Eric Kuhns and Phillip Medlin deprived Deovalente Sarnella of his constitutionally guaranteed right to life.

## GENERAL ALLEGATIONS

36. Plaintiff is a resident of the Littleton, Colorado and is the surviving mother of Deovalente Sarnella, deceased.

37. Defendants are Deputy Sheriffs working for Jefferson County Sheriff's Office in Jefferson County, Colorado. All actions or omissions occurred while acting under their capacity as Deputy Sheriffs.

38. Defendants are all residents of the State of Colorado.

39. This court has jurisdiction over the subject matter at issue because this is a civil action for damages and/or equitable relief.

40. Venue in this court is proper.

## FEDERAL CLAIMS - SECTION 1983 VIOLATION – NEGLIGENCE

41. Plaintiff incorporates by reference the allegations above as if repeated here.

42. On September 2, 2015, Defendants responded to a call for a welfare check on behalf of Deovalente Sarnella.

43. Defendants owed duties to Plaintiff and others to perform the duties of Sheriffs with reasonable care.

44. Defendants breached those duties and negligently physically restrained Sarnella causing damage to Plaintiff's person and the loss of plaintiff's life.

45. As a result of Defendants' negligent administration of their duties, Plaintiff suffered injuries and damages including injuries to his internal organs and brain which ultimately resulted in the loss of his life.

46. As a result of Defendants' negligent administration of the duties, Plaintiff suffered medical and funeral expenses and loss of income.

FEDERAL CLAIMS - SECTION 1983 VIOLATION – WRONGFUL DEATH

47. On September 2, 2015, Jefferson County Deputy Sheriffs willfully and wantonly exerted excessive physical force to restrain Sarnella to the point that he died from lack of oxygen to his brain.

48. Sarnella was in the custody of Jefferson County Sheriffs when he died as a result of Deputy Sheriffs' actions.

49. As a result of his death, Deovalente Sarnella incurred medical expenses and funeral expenses and are claimed together with all damages allowed under the Colorado Wrongful Death Act.

50. The fatal injuries to Deovalente Sarnella were caused by Defendants' actions.

51. As a result of Defendants' actions, Deovalente Sarnella suffered fatal injuries as more fully set forth above, and Plaintiff claims for his medical and burial expenses and all damages allowed under the Colorado Wrongful Death Act.

FEDERAL CLAIMS - SECTION 1983 VIOLATION

52. Defendants are persons whose conduct occurred under the color of state law.

53. Defendant's conduct deprived Plaintiff of his life which is his right and privilege guaranteed under federal law or the U.S. Constitution.
54. Plaintiff was in the custody of Jefferson County Sheriffs when he died as a result of them depriving him of oxygen.
55. Defendants were acting in the scope of their employment.

Plaintiff reserves the right to amend this complaint to allege additional causes of action as they may become apparent during the course of discovery.

WHEREFORE, Plaintiff requests that this court enter judgment in Plaintiff's favor and against Defendants, and award to Plaintiff:

A. Punitive damages in an amount determined at trial;

B. Economic damages to be established at trial;

C. Non-Economic damages to be established at trial;

D. Attorney fees and costs;

E. Such actual damages as this court may deem appropriate.


Signed: /s/ Selvoy Fillerup		Dated: April 4, 2018
Attorney for Judith Sarnella

Address of Attorney:
Selvoy Fillerup
Crestone Law Group, LLC
5353 W. Dartmouth Ave., Ste. 504
Denver, CO 80227
720-281-4668
selvoy@crestonelaw.com

Address of Plaintiff:
Judith Sarnella
8303 South Wadsworth Court
Littleton, CO 80128