IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-00779-PAB-NYW

Plaintiff(s),

JUDITH

SARNELLA

v.

Defendant(s). ERIC KUHNS, PHILLIP MEDLIN, JEFFERSON COUNTY SHERIFFS DEPARTMENT

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

Plaintiff, by and through undersigned counsel, hereby files this Response to Defendants' Motion to Dismiss and states as follows:

Standard of Review

At the 12(b)(6) stage, "[t]he issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. *Chance v. Armstrong*, 143 F.3d 698, Ct. App., 2nd Cir. (1988). At the 12(b)(6) stage, the Court must accept the allegations as true.

1

Plaintiff alleges that Jefferson County Sheriffs are responsible for her son's death. She is entitled to proffer evidence to support her claims. Plaintiff's claims are based on the summary report provided to her by Jefferson County Sheriff of interviews conducted by a supervisor, not from the actual reports of the officers involved or from body cameras worn by the officers. Despite a request to provide this information, Jefferson County has failed to provide it to Plaintiff. Based on the limited information available to Plaintiff, and pursuant to F.R.C.P. 8, she has filed a Complaint containing "a short and plain statement of the claim showing that the pleader is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, Colo. App., 10th Cir. (2008). The Court should, therefore, deny Defendants' Motion to Dismiss and set this matter for further proceedings.

Argument

I. DEPUTIES NOT ENTITLED TO QUALIFIED IMMUNITY

Defendants are not entitled to qualified immunity. Qualified immunity protects government officials `from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Dodds v. Richardson*, 614 F.3d 1185, Colo. App., 10th Cir. (2010). The Fourth Amendment

guarantees a person the right to life. Such life can be taken only with due process. The right to life is so fundamental that any police officer "would have known." Defendants did not provide Mr. Sarnella with due process before taking his life.

Once a defendant asserts qualified immunity, the plaintiff bears the burden of satisfying a "`strict two-part test.'" *McBeth v. Himes,* 598 F.3d 708, 716 (10th Cir.2010) (quoting *Bowling v. Rector,* 584 F.3d 956, 964 (10th Cir.2009)). The plaintiff must establish '(1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct....'" *Id.* (quoting *Bowling,* 584 F.3d at 964).

In her complaint, Plaintiff alleges that Defendants violated her son's constitutional rights be taking his life without due process. The Fourth Amendment has existed since the foundation of this country, well before his death in 2015.

Defendants attempt to classify their actions as de minimus. Plaintiff never alleges that the officers' actions are de minimus. Plaintiff alleges that her son died as a result of the officers' use of forceful restraint. What constitutes forceful restraint as excessive, de minimus or something in between is a matter of fact for a jury to decide.

Plaintiff alleges that the officer's behavior is willful and wanton. Deputies forcibly restrained Mr. Sarnella to the point that he died from lack of oxygen. Before Defendants arrived, Mr. Sarnella was alive. Because they restrained him, he died. None of Defendants' actions were reasonable under the circumstances and it is Plaintiff's right to present evidence to prove that point.

a. ESTATE PROPERLY ALLEGES VIOLATION OF CONSTITUTIONAL RIGHT

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, Colo. App., 10th Cir. (2008).

Plaintiff made just such a short and plain statement. In her complaint she alleges the two elements needed to bring a 1983 action: 1) that defendants acted under the color of state law; and 2) that defendants' behavior deprived the person of the exercise of his rights guaranteed by federal law or the constitution. Plaintiff stated plainly that while her son was in the custody of Jefferson County Sheriffs (representatives of the county), said Sheriffs exercised forcible restraint to such a degree that it resulted in

4

his death. The right to life is guaranteed by the Fourth Amendment. She has satisfied both elements of a 1983 claim.

    b. PLAINTIFF ALLEGES THAT OFFICERS FORCEFULLY RESTRAINED HER SON SUCH THAT IT RESULTED IN HIS DEATH

Mr. Sarnella died while in the custody of Jefferson County Sheriffs after they forcibly restrained him to the point that he died of anoxic encephalopathy, not merely a drug overdose. Plaintiff's Complaint clearly states these allegations. At trial, Plaintiff will show that before Defendants arrived her son was alive and he died while in their custody. Depriving Mr. Sarnella of his life is a clear violation of his constitutionally guaranteed rights.

Plaintiff argues and alleges that it is unreasonable to exercise forcible restraint when such force results in death. All of these rights are and have been well established since the foundation of this country.

II. MUNICIPALITY LIABILITY

Defendants are liable as representatives of the county.

In her Complaint, Plaintiff alleges that Jefferson County Sheriffs are official representatives of Jefferson County and in that official capacity, those

Sheriffs exercised forcible restraint to cause Mr. Sarnella's death, violating his Fourth Amendment rights. Plaintiff alleged a constitutional violation and the county is liable.

Wherefore, this Court should deny Defendants' Motion to Dismiss and set this matter for further proceedings. Plaintiff has properly alleged violations of constitutional rights under the Fourth Amendment for the right to life absent due process. Plaintiff has the right to proffer evidence to a jury, the trier of fact, to determine whether Defendants' actions which resulted in her son's death from anoxic encephalopathy were reasonable under the circumstances.

Signed: /s/ Selvoy Fillerup       Dated: July 5, 2018
Attorney for Judith Sarnella

Address of Attorney:
Selvoy Fillerup
Crestone Law Group, LLC
5353 W. Dartmouth Ave., Ste. 504
Denver, CO 80227
720-281-4668
selvoy@crestonelaw.com

Address of Plaintiff:
Judith Sarnella
8303 South Wadsworth Court
Littleton, CO 80128