IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 18-cv-00779-PAB-NYW

JUDITH SARNELLA,

Plaintiff,

v.

ERIC KUHNS,
PHILLIP MEDLIN, and
JEFFERSON COUNTY SHERIFF DEPARTMENT,

Defendants.

---

**REPLY TO PLAINTIFF'S RESPONSE [ECF. NO. 14]
AND IN SUPPORT OF MOTION TO DISMISS [ECF. NO. 12]**

---

In further support of their Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) [ECF No. 12], Defendants the Jefferson County Sheriff's Department and Deputy Sheriffs Eric Kuhns and Phillip Medlin (the "Department," "Dep. Kuhns," and "Dep. Medlin," respectively; collectively, "Defendants") state:

**Argument**

On July 5, 2018, Plaintiff Judith Sarnella as personal representative for the Estate of Deovalente Sarnella (the "Estate") filed the Response to the Motion to Dismiss [ECF No. 14]. The Court must assess the allegations in the Complaint against the plausibility standard established by the Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 675-676 (2009). Under this framework, the Estate has not plausibly stated claims for which relief may be granted.

**I.       The Response does not address – and therefore admits – Defendants' arguments related to the Sheriff's Office and the state law claims.**

The Response wholly fails to address why its claim against the Sheriff's Office, which is not a suable entity, should escape dismissal or why its state law negligence and wrongful death claims under the Colorado Wrongful Death Act, codified at COLO. REV. STAT. §§ 13-21-201 to -204 (the "Act"), are not time-barred. Based on Defendants' arguments and the Estate's failure to offer any argument against the requested dismissal of the Department and the state law claims, the Court must dismiss those claims. *See, e.g., Phoenix Ins. Co. v. Trinity Universal Ins. Co. of Kan.*, -- F. Supp. 2d --, 2013 WL 12106960, *10 n.13 (D. Colo. 2013) ("If a party wishes to address an issue raised in a motion, it should do so in a responsive pleading and cannot rely on the Court to provide argument on the party's behalf."); *Zinna v. Bd. of Cty. Comm'rs of Cty. of Jefferson*, 250 F.R.D. 527, 529 (D. Colo. 2007) (deeming party to have confessed arguments in motion by failing to respond); *Alvariza v. Home Depot*, 506 F. Supp. 2d 451, 461 (D. Colo. 2007) (same).

**II.      The Deputies are entitled to qualified immunity because the Estate cannot show that they violated Sarnella's clearly established constitutional rights.**

Although the Response clarifies that the Complaint alleges both official and individual capacity claims, the Court must nevertheless dismiss those claims. The Deputies in their individual capacities are entitled to qualified immunity because their conduct did not violate any clearly-established constitutional right. The Estate argues that the Deputies are not entitled to qualified immunity because they violated Sarnella's constitutional "right to life" and that right was clearly established at the time of this incident. (See Response at 3, 5.) This formulation is exactly the type of generalized, broad rights identification that the Supreme Court and federal

circuit courts have rejected for purposes of qualified immunity analysis. Moreover, other than the citations regarding the general parameters of the qualified immunity analysis on Page 3 of the Response, the Estate does not cite a single case to support the contention that the Deputies' *de minimus* use of force against Sarnella in this case was unreasonable.

As the Estate's citations to *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010), and *Bowling v. Rector*, 584 F.3d 956, 964 (10th Cir. 2009),[1] make clear, it is the Estate's burden to demonstrate both a plausible constitutional violation and that the right violated was clearly established at the time of Sarnella's death. *See, e.g., Himes*, 598 F.3d at 716 (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1114 (10th Cir. 2007) ("*The plaintiff* must establish '(1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct.'") (emphasis added); *McCauley*, 478 F.3d at 1114 ("When a defendant asserts a qualified immunity defense, the burden shifts to *the plaintiff* . . .) (emphasis added); *Albright v. Rodriguez*, 51 F.3d 1531, 1534 (10th Cir. 1995) ("Once a defendant pleads qualified immunity, *the plaintiff initially bears a heavy two-part burden*.") (emphasis added).

Because the Court's "inquiry into whether a constitutional right was clearly established 'must be undertaken in light of the specific context of the case, not as a broad general proposition,'" *Bowling*, 584 F.3d at 964 (quoting *McCauley*, 478 F.3d at 1114), the Court must reject the Estate's identification of a generalized "right to life," "right not to have his life taken without due process," or right to be free from restraint that causes death (*see, e.g.*, Response at 3,

---

[1] The Estate appears to have miscited the string cite in *Himes* to *Bowling*. The correct citation to *McCauley* in the quotation is provided above.

5). The Supreme Court has cautioned that clearly established law "should not be defined 'at a high level of generality,'" *White v. Pauly*, 137 S. Ct. 548, 552 (2017) (quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011)), and that the "correct inquiry in resolving whether the plaintiff had shown clearly established law [is] 'whether it was clearly established that the Fourth Amendment prohibited the officer's conduct in the situation she confronted,'" *Aldaba v. Pickens*, 844 F.3d 870, 973 (10th Cir. 2016) (quoting *Mullenix v. Luna*, 136 S. Ct. 305, 309 (2015), and *Brosseau v. Haugen*, 543 U.S. 194, 199-200 (2004)). This requires a careful inquiry into the facts of each case rather than the type of sweeping generalizations upon which the Estate relies.

In addition to carefully delineating the right at issue, "[t]he Supreme Court has made apparent the high bar to prove clearly established law, stating that 'existing precedent must have placed the statutory or constitutional question beyond debate.'" *Estate of Ronquillo by and through Estate of Sanchez v. City & Cty. of Denver*, 720 Fed. App'x 434, 440 (10th Cir. 2017) (citing *Mullenix*, 136 S. Ct. at 308 (quoting *al-Kidd*, 563 U.S. at 741)). "[I]f a reasonable officer might not have known *for certain* that the conduct was unlawful – then the officer is immune from liability." *Id.* (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1967 (2017)) (emphasis original). The Estate has failed identify a single case suggesting that Sarnella had a clearly established right to be free from reasonable, *de minimus* uses of force by the Deputies in effectuating an investigative detention. Indeed, case law compels the opposite conclusion, as the Tenth Circuit reiterated in *Segura v. Jones*: "Although *Terry* stops are normally nonintrustive, we have indicated that law enforcement may (1) display some force, (2) place suspects on the ground, (3) use handcuffs, or (4) detain suspects in law enforcement vehicles, in the absence of probable

cause." 259 Fed. App'x 95, 101 (10th Cir. 2007) (quoting *Cortez*, 478 F.3d at 1130, and referencing *Terry v. Ohio*, 392 U.S. 1 (1968)).

The Complaint alleges that when the Deputies arrived on-scene in response to a neighbor's concern regarding Sarnella's odd behavior and a request for a welfare check, they observed Sarnella's erratic, "unusual" behavior first-hand. (Compl., ¶¶ 2, 6, 11.) When the Deputies observed Sarnella reach into a cabinet in his home in an apparent attempt to retrieve an unknown object, they restrained him and removed him from the home to safeguard themselves and him. (Id., ¶ 11.) This *de minimus* use of force was objectively reasonable under the totality of the circumstances confronting the Deputies at that time, which is what the Fourth Amendment requires. *See, e.g., Aldaba v. Pickens*, 844 F.3d 870, 879 (10th Cir. 2016) (holding that none of the cases cited by plaintiff "would advise 'every reasonable official' that Tasering Leija to hasten life-saving care would amount to excessive force under the Fourth Amendment" in finding that defendant law enforcement officers were entitled to qualified immunity for assisting medical providers in subduing a hospital patient for medical care even where patient subsequently died); *Graham v. Connor*, 490 U.S. 386, 397 (1989) ("The 'reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight."); *Scott v. United States*, 436 U.S. 128, 137-39 (1978) ("Because of the necessary ad hoc nature of any determination of reasonableness, there can be no inflexible rule of law which will decide every case."). The Estate's failure to point to any case that would establish a specific constitutional right at issue or that such a right was clearly established at the time of Sarnella's death is dispositive of its individual capacity claims against the Deputies. The Court must dismiss these claims based on the Deputies' entitlement to qualified immunity.

**III.    The Court must also dismiss the official capacity claims because the Estate has failed to show an underlying constitutional violation or that any policy, practice, or custom of the Sheriff caused the alleged constitutional violation.[2]**

The Estate bases its municipal claim on allegations that "Defendants are liable as representatives of the county," and that, "Plaintiff alleged a constitutional violation and the county is liable." (Reply at 5-6.)

First, as discussed in the Motion and above, the Estate has failed to plausibly allege an underlying constitutional violation by the Deputies. *See, e.g., Estate of Ronquillo*, 720 Fed. App'x at 441 ("Because we hold that there was no constitutional violation by the officers, Plaintiff's municipality claim also fails."). "[A]bsent a constitutional violation by the individual police officers whose conduct" was related to a plaintiff's injuries, "there can be no municipal liability." *Trigalet v. City of Tulsa*, 239 F.3d 1150, 1156 (10th Cir. 2001).

Second, the Estate contends that the alleged bad acts by the Deputies necessarily results in liability for the Sheriff or the County. This position is not in line with case law. The Estate cannot base its municipal liability claim on the fact that the Deputies are employed by the Sheriff. *See, e.g., Barney v. Pulsipher,* 143 F.3d 1299, 1307 (10th Cir. 1998) ("The County may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees."); *Board of Cty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) ("We also recognize that a municipality may not be held liable under § 1983 solely because it employs a tortfeasor."); *Oklahoma City v. Tuttle*, 471 U.S. 808, 815 (1985) (refusing to hold the city liable under a theory of *respondeat superior*). Only where a policy, custom, or

---

[2] This basis for dismissal applies to the claims against the Department as well as the Deputies in their official capacities.

6

practice was a moving force behind the allegedly unconstitutional acts of an employee is it appropriate to hold a governmental entity liable for its employees' conduct. *See, e.g., Dodds v. Richardson*, 614, F.3d 1185, 1201-02 (10th Cir. 2010). "To infer the existence of a . . . policy from the isolated misconduct of a single, low-level officer, and then to hold the [governmental entity] liable on the basis of that policy, would amount to permitting precisely the theory of strict *respondeat superior* liability rejected in *Monell*." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 399-400 (1989) (quoting *Tuttle*, 471 U.S. at 831 (BRENNAN, J., concurring in part and concurring in judgment)). The Estate's failure to identify and policy, practice, or custom underlying the alleged constitutional violation is fatal to its official capacity claims.

For these two independent reasons, the Estate has failed to allege a colorable basis for such a claim and, therefore, the Court must dismiss the official capacity claims against the Deputies.

## Conclusion

WHEREFORE, for the reasons set forth here and in the Motion to Dismiss, Defendants respectfully request that the Court dismiss this case in its entirety. In particular, Defendants request that the Court:

- Dismiss the Jefferson County Sheriff's Department because it is not a suable entity;
- Dismiss Plaintiff's state law claims brought under the Colorado Wrongful Death Act because they are time-barred;
- Dismiss the named Deputies in their individual capacities because they are entitled to qualified immunity; and

- Dismiss the named Deputies in their official capacities because Plaintiff has failed to allege an underlying constitutional violation upon which municipal liability could be based and has failed to plausibly state that any policy, practice, or custom of the Sheriff was a moving force in such a constitutional violation.

Respectfully submitted this 19th day of July, 2018.

JEFFERSON COUNTY ATTORNEY
ELLEN G. WAKEMAN, #12290

By: */s/ Rebecca Klymkowsky*
Rebecca Klymkowsky, #41673
Rachel Bender, #46228
Assistant County Attorneys
100 Jefferson County Parkway, Suite 5500
Golden, Colorado 80419
Telephone: 303.271.8932
Facsimile: 303.271.8901
rklymkow@jeffco.us; rbender@jeffco.us
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2018, I filed the foregoing **REPLY TO PLAINTIFF'S RESPONSE AND IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** via the US District Court CM/ECF System, which will send a true and correct copy to the following:

Selvoy Fillerup
Crestone Law Group, LLC
selvoy@crestonelaw.com
*Attorney for Plaintiff*

                                          */s/ Teri Garrod*