IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 18-cv-00779-PAB-NYW

JUDITH SARNELLA, as personal representative of the estate of Deovalente Sarnella, deceased,

    Plaintiff,

v.

ERIC KUHNS,
PHILLIP MEDLIN, and
JEFFERSON COUNTY SHERIFF DEPARTMENT,

    Defendants.

---

# ORDER

---

This matter comes before the Court on defendants' Motion to Dismiss [Docket No. 12]. The Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983.

## I. BACKGROUND

The allegations in plaintiff's Complaint and Jury Demand [Docket No. 1] are to be taken as true in considering a motion to dismiss. *Brown v. Montoya*, 662 F.3d 1152, 1162 (10th Cir. 2011).

On September 2, 2015, Deovalente Sarnella ("Sarnella") was outside his townhouse in Golden, Colorado, when a neighbor called the police to request a mental health welfare check. Docket No. 1 at 1, ¶¶ 1-2. Defendants Eric Kuhns ("Kuhns") and Phillip Medlin ("Medlin"), who are deputy sheriffs with defendant Jefferson County Sheriff's Department ("Department"), responded. *Id.* at 1-2, ¶¶ 3, 9. Kuhns confronted Sarnella outside the house. *Id.* at 2, ¶¶ 5-7. Sarnella exhibited unusual behavior. *Id.* at

2, ¶ 6. Kuhns, Medlin, and Sarnella went into Sarnella's home, where Sarnella asked the deputies for help. *Id.* ¶¶ 8, 10. Sarnella reached into a cabinet. *Id.*, ¶ 11. Not knowing what was in the cabinet, Kuhns and Medlin forcefully restrained Sarnella face down on his stomach and with his hands behind his back. *Id.* ¶¶ 11-13. The deputies knew that Sarnella was suffering from a mental health condition. *Id.*, ¶ 14. The deputies then took Sarnella outside and laid him face down on the grass. *Id.*, ¶ 15. Sarnella died. *Id.*, ¶ 17. Paramedics arrived and were unable to revive Sarnella at the scene or at St. Anthony's Hospital. *Id.* at 3, ¶¶ 26-29. An autopsy indicated that Sarnella's cause of death was anoxic encephalopathy secondary to a cardiac arrest. *Id.*, ¶ 30.

Sarnella's mother filed this lawsuit on April 4, 2018 in her capacity as the personal representative of Sarnella's estate. *Id.* Plaintiff asserts three claims under 42 U.S.C. § 1983: negligence, wrongful death, and "depriv[ing] [Sarnella] of his life which is his right and privilege guaranteed under federal law or the U.S. Constitution." *Id.* at 4-7, ¶¶ 41-55. Defendants filed a motion to dismiss. Docket No. 12. Defendants argue that: (1) the Department is not a "proper, suable entity;" (2) the negligence and wrongful death claims against defendants Kuhns and Medlin are time-barred; and (3) defendants Kuhns and Medlin are entitled to qualified immunity on the constitutional claim. *Id.* at 3-15.

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must allege enough factual matter that, taken as true, makes

the plaintiff's "claim to relief . . . plausible on its face." *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted); *see also Khalik*, 671 F.3d at 1190 ("A plaintiff must nudge [his] claims across the line from conceivable to plausible in order to survive a motion to dismiss." (quoting *Twombly*, 550 U.S. at 570)). If a complaint's allegations are "so general that they encompass a wide swath of conduct, much of it innocent," then plaintiff has not stated a plausible claim. *Khalik*, 671 F.3d at 1191 (quotations omitted). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (alteration marks omitted ).

### III. ANALYSIS

#### A. Whether the Department is a Separate Entity

Defendants argue that the Department is not a separate legal entity capable of being sued. Docket No. 12 at 3-4. Plaintiffs offer no argument to rebut defendants' assertion. "Under Colorado law municipalities and counties, not their various subsidiary departments, exist as 'bodies corporate and politic' empowered to 'sue and be sued.'" *Stump v. Gates*, 777 F. Supp. 808, 816 (D. Colo. 1991), *aff'd*, 986 F.2d 1429 (10th Cir.

3

1993) (citing Colo. Rev. Stat. §§ 31-15-101(1)(a) and 30-11-101(1)(a)); *see also Lindsey v. Thomson*, 275 F. App'x 744, 777 (10th Cir. 2007) (unpublished) (observing that sheriff's departments and police departments are not usually considered legally suable entities). Therefore, the Department is not a proper defendant, and the Court will dismiss all claims against the Department.[1]

### B. Qualified Immunity

Defendants argue that defendants Kuhns and Medlin ("the officers") are entitled to qualified immunity. Docket No. 12 at 7-13.

Under the defense of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). An assertion of qualified immunity "creates a presumption that [a defendant is] immune from suit." *Perea v. Baca*, 817 F.3d 1198, 1202 (10th Cir. 2016). "To overcome this presumption, [a plaintiff] must show that (1) the officers' alleged conduct violated a constitutional right, and (2) it was clearly established at the time of the violation, such that 'every reasonable official would have understood,' that such conduct constituted a violation of that right." *Id*. (quoting *Mullenix v. Luna*, 136 S. Ct.

---

[1] Even if the Court construed the claim as one against Jefferson County as a municipality, it would also fail. A local governing body may be sued under § 1983 only where "the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). Plaintiff alleges no unconstitutional "policy statement, ordinance, regulation, or decision" of Jefferson County that its officers promulgated. *See* Docket No. 1.

305, 308 (2015)). Upon a public official's assertion of a qualified immunity defense, plaintiff bears a "heavy burden" under a two-pronged analysis. *Buck v. City of Albuquerque,* 549 F.3d 1269, 1277 (10th Cir. 2008). Under the first prong of the analysis, the plaintiff is required to "establish that the defendant's actions violated a constitutional or statutory right." *Smith v. Cochran,* 339 F.3d 1205, 1211 (10th Cir. 2003) (quoting *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir. 2001)). The determination of whether a violation occurred under the first prong of the qualified immunity analysis turns on substantive law regarding that right. *See Casey v. City of Fed. Heights,* 509 F.3d 1278, 1282-83 (10th Cir. 2007). Under the second prong, the plaintiff must show that the right at issue was "clearly established" at the time of the defendant's alleged misconduct. *Saucier v. Katz,* 533 U.S. 194, 201 (2001), *overruled on other grounds by Pearson v. Callahan*, 555 U.S. 223 (2009). A court can address the elements of qualified immunity in any order and need not address both elements if one is dispositive. *Pearson*, 555 U.S. at 236.

Plaintiff alleges that the officers' actions violated Sarnella's right to life, which is "guaranteed by the Fourth Amendment." Docket No. 14 at 4-5. Plaintiff also alleges that "it is unreasonable to exercise forcible restraint when such force results in death." *Id*. at 5. The Court construes plaintiff's claim to be an excessive force claim, and turns to the second prong of the qualified immunity analysis. "It is clearly established that specific conduct violates a constitutional right when Tenth Circuit or Supreme Court precedent would make it clear to every reasonable officer that such conduct is prohibited." *Perea*, 817 F.3d at 1204; *Aldaba v. Pickens*, 844 F.3d 870, 877 (10th Cir.

5

2016). A clearly established right is one that is "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix*, 136 S. Ct. at 308 (internal quotations omitted). Courts are "not to define clearly established law at a high level of generality." *Id*.

Here, plaintiff fails to show that the deputies' specific conduct – handcuffing an individual known to the deputies to be suffering from a mental health condition and placing him face down on the grass – violates a constitutional right under Tenth Circuit or Supreme Court precedent. *See Perea*, 817 F.3d at 1204. Plaintiff offers no analogous case that would have made clear to the deputies that their conduct was prohibited. The Tenth Circuit has held that it is excessive force for officers to apply the "hog-tie" restraint technique "when an individual's diminished capacity is apparent." *Cruz v. City of Laramie, Wyo.*, 239 F.3d 1183, 1188 (10th Cir. 2001). A hog-tie restraint involves binding an individual's wrists to his ankles, behind the back, with twelve inches or less of separation. *Id*. The Tenth Circuit based its conclusion on case law and other materials discussing the dangers of the hog-tie restraint. *Id*. at 1188-89. *Cruz* also discussed the significant risk of asphyxiation when placing pressure on a restrained individual's back when his arms and legs are restrained. *See Weigel v. Broad*, 544 F.3d 1143, 1153-55 (10th Cir. 2008) (holding that it is clearly established law that "continu[ing] to use pressure on a vulnerable person's upper torso while he was lying on his stomach" would "present a substantial and totally unnecessary risk of death to the person"). Here, however, plaintiff only alleges that the deputies cuffed Sarnella behind his back. Docket No. 1 at 2, ¶ 13. There is no allegation that the deputies applied any

6

restraint to Sarnella's legs or connected hand restraints to leg restraints. Nor is there any allegation that the deputies placed any pressure on Sarnella's back. Although the deputies knew that Sarnella had a mental health condition, clearly established law would not indicate to the deputies that handcuffing Sarnella – as opposed to restraining him in a hog-tie position or putting pressure on his back – and placing him in a prone position on his stomach would carry a "significant risk of positional asphyxiation."[2] *See Weigel*, 544 F.3d at 1155. The Court concludes that *Cruz* and *Weigel* are insufficiently analogous to this case to hold that the deputies' handcuffing Sarnella behind his back and placing him face down in a prone position was a clearly established violation of his constitutional rights. Accordingly, the Court will dismiss the constitutional claim against the deputies on the grounds of qualified immunity.[3]

### C. State Law Claims

Defendants argue that plaintiff's negligence and wrongful death claims arise under the Colorado Wrongful Death Act, Colo. Rev. Stat. §§ 13-21-201 to 204, and are therefore barred by the applicable statute of limitations. Docket No. 12 at 4-7. Plaintiff offers no argument to rebut defendants' assertion.

---

[2] Plaintiff's complaint is internally inconsistent as to the cause of death. Though the statement of facts references an autopsy showing that Sarnella died primarily due to a heart attack (with secondary anoxic encephalopathy, or a loss of oxygen), plaintiff's third claim alleges that Sarnella died due to the deputies depriving him of oxygen. *Compare* Docket No. 1 at 3, ¶ 30 *with* 6, ¶ 54.

[3] Plaintiff's response suggests that her claim is brought against the deputies in both their individual and official capacities. *See* Docket No. 14 at 5-6. For the reasons noted in footnote 1, plaintiff's complaint cannot sustain a claim against the deputies in their official capacities.

7

The first two claims are captioned "FEDERAL CLAIMS - SECTION 1983 VIOLATION - NEGLIGENCE" and "FEDERAL CLAIMS - SECTION 1983 VIOLATION - WRONGFUL DEATH." Docket No. 1 at 4-5. However, § 1983 provides a claim for relief for deprivation of rights protected by the Constitution; it is not a "font of tort law to be superimposed upon whatever systems may already be administered by the states." *Paul v. Davis*, 424 U.S. 693, 701 (1976). As negligence and wrongful death are state-law tort claims and plaintiff does not allege violation of a constitutional right as an element of either claim, the Court will construe both claims as state-law claims.

Before the Court proceeds to plaintiff's state law claims, the Court must be satisfied that it has jurisdiction. As plaintiff's complaint states that both plaintiff and defendants are residents of Colorado, the parties are not diverse and the Court does not have original jurisdiction over the state-law claims. *See* Docket No. 1 at 4, ¶¶ 36, 38; 28 U.S.C. § 1332(a)(1) (""The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States."). Although the Court may exercise supplemental jurisdiction over state law claims if there is a jurisdictional basis for doing so, 28 U.S.C. § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." The Tenth Circuit has instructed that, "if federal claims are dismissed before trial, leaving only issues of state law," courts should "decline to exercise pendent jurisdiction . . . absent compelling reasons to the contrary." *Brooks v. Gaenzle*, 614 F.3d 1213, 1229-30 (10th Cir. 2010) (brackets, internal citations, and internal quotation marks omitted). Accordingly, the

8

Court will not exercise supplemental jurisdiction and will dismiss plaintiff's wrongful death and negligence claims without prejudice for lack of jurisdiction.

IV. **CONCLUSION**

For the foregoing reasons, it is

**ORDERED** that Defendants' Motion to Dismiss [Docket No. 12] is **GRANTED**. It is further

**ORDERED** that all claims against defendant Jefferson County Sheriff's Department are dismissed with prejudice. It is further

**ORDERED** that the constitutional claim under 42 U.S.C. § 1983 against defendants Eric Kuhns and Phillip Medlin is dismissed with prejudice. It is further

**ORDERED** that all other claims against defendants Eric Kuhns and Phillip Medlin are dismissed without prejudice for lack of jurisdiction. It is further

**ORDERED** that, within 14 days of the entry of judgment, defendants may have their costs by filing a bill of costs with the Clerk of the Court. It is further

**ORDERED** that this case is closed.

DATED March 8, 2019.

                                                   BY THE COURT:

                                                  s/Philip A. Brimmer
                                                  PHILIP A. BRIMMER
                                                  Chief United States District Judge